**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEFFREY D. TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, *et al*.,<br><br>Defendants. | Civil Action No. 24-09877 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendant Target Corporation's Petition for Removal and the Court's independent obligation to assess its subject-matter jurisdiction. (ECF No. 1.) *United States v. Port Imperial Ferry Corp.*, Civ. No. 16-2388, 2023 WL 2535302, at *4 (D.N.J. Mar. 16, 2023) (citing *Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995)). On October 21, 2024, the Court ordered the parties to show cause as to why the matter should not be remanded to the Superior Court of New Jersey, Ocean County for lack of subject-matter jurisdiction. (ECF No. 3.) Plaintiff and Target responded. (ECF Nos. 5 & 7.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Court finds that it lacks subject-matter jurisdiction and the case shall be **REMANDED** to the Superior Court of New Jersey, Ocean County.

I.     **BACKGROUND**

This matter arises out of Plaintiff's alleged personal injuries that occurred at a Target Store in Brick, New Jersey.  (ECF No. 1 at 5 ¶ 1.)  On September 24, 2024, Plaintiff filed his Complaint in state court.  (*Id.* at 1 ¶ 2.)[1]  Plaintiff brings state law negligence claims against Target and three other named Defendants: "Dayton Hudson/Mervyn, a business entity"; Mervyn's, Inc.; and an individual store employee, Alexander Applegate.  (*Id.* at 5 ¶ 2.)

Target received notice of the Complaint on September 25 and removed the matter to this Court on October 17.  (*Id.* at 1-2.)  In its Petition for Removal, Target alleges that (1) it is a citizen of Minnesota and Plaintiff is a citizen of New Jersey, (2) Target believes that the amount in controversy exceeds $75,000.00, and (3) this action is therefore removable under 28 U.S.C. § 1441.  (*Id.* at 1-2 ¶¶ 4-5.)  Neither the original Complaint nor the Petition for Removal alleges the citizenship of the other Defendants or that there is complete diversity between all parties.  The Court ordered the parties to show cause as to why the matter should not be remanded to the Superior Court of New Jersey, Ocean County for lack of subject-matter jurisdiction.  (ECF No. 3.)

In response to the Court's Order to Show Cause, Target asserts that the remaining Defendants were fraudulently joined "solely to defeat diversity jurisdiction," and that the Court should therefore ignore their citizenship for the purpose of jurisdiction.  (ECF No. 5 at 3.)  Target argues that "Dayton Hudson/Mervyn is not a business entity, and Dayton Hudson Corp. and Mervyn's Inc. has not been in business for over sixteen (16) years or more."  (*Id.*)  As for Applegate, Target avers that he "is an employee of Target Corporation and was the Store Director on June 29, 2024," but that "he was not working at the Target store at any time on the date of the

---

[1]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

2

[alleged] accident." (*Id.* at 2.)  For these reasons, Target argues that this matter should not be remanded because there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant[s]" or "real intention in good faith to prosecute the action against" them.  (*Id.* at 3-4.)

In response, Plaintiff does not dispute Target's statements regarding Dayton Hudson Corp. and Mervyn's Inc.  (ECF No. 7 at 2.)  As for Applegate, Plaintiff alleges that he is a resident of New Jersey and that because he was the director of the store on the date of the incident, Applegate "had an affirmative executive duty to monitor and supervise" the store to prevent the alleged accident.  (*Id.* at 3.)

## II. <u>LEGAL STANDARD</u>

Removal of a suit from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter.  *Entrekin v. Fisher Sci., Inc.*, 146 F. Supp. 2d 594, 603 (D.N.J. 2001) (citing 28 U.S.C. § 1441(a)).  To maintain subject-matter jurisdiction over a lawsuit, the Court must either have diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331.  A federal district court has diversity jurisdiction over all civil actions where all plaintiffs are diverse from all defendants and the amount in controversy exceeds $75,000.  *See* § 1332(a).

Pursuant to 28 U.S.C. § 1447(c), if, upon motion or *sua sponte*, a district court finds that it lacks subject matter jurisdiction over a removed action, it must remand the action to state court. *In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 624 F. Supp. 2d 396, 409 (E.D. Pa. 2009).  The removing party maintains the burden of showing the Court that it has subject-matter jurisdiction.  *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "The Court must also strictly construe the removal statutes against removal and resolve any doubts in favor of remand."  *Entrekin*, 146 F. Supp. 2d at 604; *see also Boyer v. Snap-on Tools Corp.*,

913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991) ("A district court must resolve all contested issues of substantive fact . . . and . . . any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.").

## III.     DISCUSSION

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). "In a suit with named defendants who are not of diverse citizenship from the plaintiff, [a] diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216. Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer*, 913 F.2d at 111 (citations omitted). A claim is not colorable if it is "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) (citation omitted).

The removing party carries a "heavy burden of persuasion" in showing that a claim is not colorable. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir. 1987), *cert. dismissed*, 484 U.S. 1021 (1988); *see also Boyer*, 913 F.2d at 111. The Court must not only assume as true all allegations in the Complaint, but also resolve any uncertainties as to the current state of controlling law in favor of the plaintiff. *Batoff*, 977 F.2d at 851-52 (quoting *Boyer*, 913 F.2d at 111). Thus, the Court's inquiry is "less searching than a motion for failure to state a claim," so a claim may be "colorable" for purposes of evaluating fraudulent joinder even if the claim ultimately may not withstand a motion to dismiss in state court. *See Cardillo v. Wal-Mart Stores, Inc.*, Civ. No. 14-2879, 2014 WL 7182525, at *2 (D.N.J. Dec. 16, 2014) (citing *Batoff*, 977 F.2d at 852); *see also Route 27, LLC v. Getty Petroleum Marketing, Inc.*, Civ. No. 10-3080,

4

2011 WL 1256618, at *8 (D.N.J. Mar. 30, 2011) (finding no fraudulent joinder despite expressing doubt that certain claims would survive "the more rigorous motion-to-dismiss standard").  Put differently, if "there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."  *Boyer*, 913 F.2d at 111 (citation omitted).

Here, Target has not met its burden of demonstrating that Applegate was fraudulently joined for the purpose of defeating diversity jurisdiction.  The Complaint alleges that "[o]n or about June 29, 2024, and for a long period prior thereto, . . . Target Corporation, . . . [and] Alexander Applegate, an individual, did negligently, improperly, and carelessly design, construct, maintain, and supervise the aforementioned premises and . . . did fail to give warning to business invitees of the dangerous and hazardous condition that existed," which caused Plaintiff "to fall and sustain serious and permanent injuries."  (ECF No. 1 at 5 ¶¶ 2-3.)  This Court has "repeatedly . . . held" that similar "claims for negligence against individual store managers like [Applegate] are colorable."  *Holguin v. Kohl's Dept. Store, Inc.*, Civ. No. 15-07016, 2016 WL 922130, at *2 (D.N.J. Feb. 19, 2016), *R & R adopted*, 2016 WL 901097 (D.N.J. Mar. 8, 2016) (finding that the plaintiff's allegations "that defendants controlled the Kohl's store at which she was injured, and . . . negligently and carelessly maintained the premises so as to allow a dangerous and hazardous condition to occur" amounted to "a colorable negligence claim against a store and its manager" sufficient to defeat a fraudulent joinder argument).  As such, this Court had repeatedly rejected fraudulent joinder arguments when considering similar claims for negligence against defendant store managers with the same state of residency as the plaintiffs.  *See, e.g.*, *Cardillo*, 2014 WL 7182525, at *1-2 (granting a motion to remand for lack of diversity jurisdiction because the complaint's allegations that "Wal-Mart and [the non-diverse defendant], an employee of Wal-Mart, owned, operated, and managed the premises where [the plaintiff] was injured, and were

5

negligent" established a colorable negligence claim); *Mirsky, M.D. v. Lifetime Fitness, Inc.*, Civ. No. 19-18580, 2020 WL 9790097, at *2 (D.N.J. Feb. 13, 2020), *R & R adopted*, 2020 WL 9795999 (D.N.J. Mar. 2, 2020) (granting a motion to remand because there was "a possibility that a state court would find that the complaint states a cause of action" for negligence against a gym and the manager on duty at the time of the plaintiff's injury); *Alexandre v. Costco Wholesale Corp.*, Civ. No. 19-6286, 2019 WL 2425179, at *4-5 (D.N.J. May 21, 2019) (finding that a complaint alleging "that all Defendants negligently maintained the premises at Defendant Costco's store . . . thereby creating a dangerous condition" was sufficient to survive a fraudulent joinder argument).

Target acknowledges that Applegate was the Store Director on the date of the alleged accident, but claims that Applegate "was not on the premises at any time" on that date. (ECF No. 5 at 4.) Accordingly, Target argues that Applegate was fraudulently joined because Plaintiff cannot allege that Applegate was "actually in control of" or negligently supervised the premises on the date of the accident. (*Id.*) Target attempts to distinguish this case from *Holguin*, 2016 WL 922130, at *2. (*See id.*) There, the removing defendant argued that the store manager on the date of the accident was fraudulently joined because he "was neither on duty nor present at the time of the alleged incident" and provided an affidavit in support. *Holguin*, 2016 WL 922130, at *1. The Court rejected this argument because it is required to accept as true the allegations in the Complaint and resolve any doubts in favor of remand. *Id.* at *2. The Court noted that even if it "were to accept as true the statements in the Affidavit, . . . such facts are not necessarily dispositive of the negligence claims asserted against him," in part because the Court was "provided with no information about when [the manager's] shift ended relative to when plaintiff's injury allegedly occurred." *Id.* at *3. Target argues that by contrast, Applegate was not present "on the premises at any time" on the date of the accident. (ECF No. 5 at 3-4.)

The Court disagrees that *Holguin* is sufficiently distinguishable to support a finding of

6

fraudulent joinder in this matter.  Like in *Holguin*, the Court must accept the allegations in the Complaint was true and resolve any doubts in favor of remand.  2016 WL 922130, at *2.  Even if the Court were to accept as true Target's statement that Applegate was not on the premises on the date of the accident, Target has not shown that "such facts are . . . necessarily dispositive of the negligence claims asserted against" Applegate.  *Id.* at *3; *see also Berckman v. United Parcel Serv.*, Civ. No. 07-5245, 2007 WL 4080372, at *2 (D.N.J. Nov. 14, 2017) ("Because 'fraudulent joinder' is a legal conclusion necessary to establish subject matter jurisdiction upon this removal, the [d]efendant has the burden to show that the law would not permit a recovery against [the plaintiff].").  The Court has been provided with no information about when Applegate was last on duty or when the hazardous condition was created.  This leaves open the possibility that Applegate failed to remedy a hazardous condition that harmed Plaintiff, even if Applegate was not present on the date the harm occurred.  2016 WL 922130, at *3.  Plaintiff's argument "is better raised as a motion to dismiss for failure to state a claim, or for summary judgment because it turns upon the facts."  *Berckman*, 2007 WL 4080372, at *2.  The Court "does not predict whether . . . Plaintiff's claim against [Applegate] will be meritorious" or "can survive a motion to dismiss." *Id.*  Rather, the Court finds that the "Complaint, on its face, is sufficient to retain [Applegate] as a party" because there is a possibility that a state court would find that the Complaint states a cause of action against him.  *Id.*; *Boyer*, 913 F.2d at 111.  In the event that Applegate "is dismissed from this suit at some future date," the case may then "become properly removable."  *Berckman*, 2007 WL 4080372, at *3.

      The Court is similarly unpersuaded that Plaintiff's naming of "non-existent entities" demonstrates Plaintiff's intent to "defeat diversity jurisdiction."  (ECF No. 5 at 4.)  Plaintiff has provided his basis for naming these entities as Defendants—specifically, a letter from the Brick Township Tax Assessor listing these entities as the owners of the real estate where the Target store

is located. (ECF No. 7 at 2, 8-10.) Nor is the "vague . . . nature" of the alleged "hazardous condition" sufficient to find fraudulent joinder, as other courts have found similarly "sparse" complaints sufficient to reject a fraudulent joinder argument due to the "possibility that a state court would find that the complaint states a cause of action against . . . the resident defendant[]." *See Carvajal v. Target Stores, Inc.*, Civ. No. 15-03797, 2016 WL 111423, at *1-3 (D.N.J. Jan. 11, 2016) (citation omitted) (rejecting a fraudulent joinder argument where the "sparsely pleaded Complaint essentially allege[d] that Plaintiff sustained personal injuries while at a Target Store in North Bergen, New Jersey.").

Because diversity jurisdiction is lacking and Target does not assert subject-matter jurisdiction on any other basis, the Court must remand this matter. *Stephens*, 853 F. Supp. 2d at 465 (citing 28 U.S.C. § 1447(c)); *Berckman*, 2007 WL 4080372, at *1 (considering fraudulent joinder arguments and remanding the matter for lack of diversity jurisdiction *sua sponte* "given this Court's authority to determine its own jurisdiction without necessity of formal motion practice").

IV. **CONCLUSION**

For the reasons set forth above, and other good cause shown,

**IT IS**, on this 6th day of November, 2024, **ORDERED** as follows:

1. The matter shall be **REMANDED** to the Superior Court of New Jersey, Ocean County. The Clerk's Office is directed to transmit to the Clerk of the Superior Court a letter enclosing a certified copy of this Memorandum Order.

2. The Clerk's Office is directed to **CLOSE** this case.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE